IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CECIL N. DELPHIN                                                                                      PLAINTIFF

vs.                                             Civil No. 1:12-cv-01042

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Cecil N. Delphin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB and SSI applications on February 22, 2010. (Tr. 20, 153-160). Plaintiff alleges being disabled due to pinched nerves in his feet, legs, and right arm; arthritis in his neck and back; high blood pressure; and asthma. (Tr. 174). Plaintiff alleges an onset date of April 30, 2008. (Tr. 20, 153, 155). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 58-60).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 72-131). Plaintiff's administrative hearing was held on November 22, 2010 in El Dorado, Arkansas. (Tr. 37-57). Plaintiff was present and was represented by Denver Thornton at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at the hearing in this matter. *Id.*

On January 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 20-32). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2008, his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, back and neck pain, rhinitis and asthma, myalgia, hypertension, and depression. (Tr. 22-23, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23-24, Finding 4).

The ALJ determined Plaintiff was twenty-nine (29) years old on his alleged disability onset date. (Tr. 30, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c) (2008) and 416.963(c) (2008). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 30, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 24-30, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC for the following:

> After careful consideration of the entire record, including mild to moderate pain, the undersigned finds that the claimant had the residual functional capacity to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) as defined in 20 CFR 404.1567(b) and 416.967(b). However, due to his asthma, he should avoid work around temperature extremes, chemicals, dust, fumes, noise, humidity, vibrations, gasses, or other pulmonary irritants.
>
> Based on a diagnosis of depression, the undersigned Administrative Law Judge further concludes that claimant is able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 30, Finding 6). The ALJ determined Plaintiff's PRW included work as a medical equipment deliverer and chemical mixer. *Id.* Considering his RFC, the ALJ determined Plaintiff was unable to perform any of his PRW. *Id.* The ALJ then evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 31, Finding 10). The ALJ relied upon the testimony of the Vocational Expert ("VE") in making this determination. (Tr. 31). Specifically, the VE testified that with Plaintiff's limitations, Plaintiff would be able to perform the requirements of representative occupations such as cashier with approximately 3,000 such jobs in Arkansas; 200,000 such jobs in the Arkansas region; and 1.9 million such jobs in the nation. (Tr. 31). Based upon this testimony that Plaintiff could perform other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 30, 2008 through the date of his decision or through January 14, 2011. (Tr. 31, Finding 11).

Thereafter, on January 24, 2011, Plaintiff requested the Appeals Council's review of the

ALJ's unfavorable decision. (Tr. 16). The Appeals Council denied this request for review on April 18, 2012. (Tr. 1-3). On April 30, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 17, 2012. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5-6. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ erred in the following ways: (A) the ALJ did not understand his impairments, his impairments in combination, or the chronic nature of his impairments; (B) the ALJ's criticism of his "no shows" for physical therapy treatment was unfounded; (C) the ALJ performed an improper *Polaski* evaluation; (D) the ALJ erred in finding his impairments were not medically documented; (E) the ALJ improperly found he had the RFC to

5

perform light work; and (F) the ALJ provided a defective hypothetical to the VE. ECF No. 5. The Court will address each of the arguments Plaintiff has raised.[2]

### A.  Impairments in Combination

Plaintiff claims the ALJ failed to properly consider his impairments in combination. ECF No. 5 at 11-12. Specifically, Plaintiff claims the ALJ did not properly consider the combination of his severe impairments of degenerative disc disease, back and neck pain, rhinitis and asthma, myalgia, hypertension, and depression. *Id.* In response, Defendant argues Plaintiff's claim on this issue is broad and unsubstantiated. ECF No. 6 at 4-5. Defendant argues the ALJ did properly consider Plaintiff's impairments in combination and even specifically included limitations in his RFC determination to account for Plaintiff's asthma and depression. *Id.*

Under the facts in the present case, the Court finds the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2012). In the present action, the Court agrees with Defendant's argument that the ALJ thoroughly reviewed Plaintiff's impairments in combination in this case. At Step Three of the Analysis, the ALJ determined "[t]he claimant does not have an impairment *or combination of impairments*" that meet or medically equal the requirements of a Listing. (Tr. 23-24, Finding 4). The ALJ also properly summarized the medical records[3] and fully analyzed Plaintiff's alleged impairments when

---

[2] The final three arguments (D) - (F) raise the same issues. Thus, the Court will address these arguments together.

[3] Plaintiff claims the ALJ did not properly consider the findings of Dr. Steven Holt, a rheumatologist. ECF No. 5 at 12. In his opinion, however, the ALJ fully considered Dr. Holt's findings (Tr. 27) and apparently incorporated Dr. Holt's findings into his RFC determination. (Tr. 24-30). Thus, Plaintiff's claim appears to be meritless.

determining his RFC. (Tr. 24-30). Notably, the ALJ even included specific restrictions in his RFC to account for Plaintiff's asthma and depression. (Tr. 24, Finding 5).

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that he suffers from a number of different impairments. ECF No. 5. However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments. (Tr.24-30). Thus, the Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Hajek,* 30 F.3d at 92.

    **B.**    **Physical Therapy Treatment**

Plaintiff claims the ALJ erred in criticizing him for his failure to return to physical therapy. ECF No. 5 at 12-13. Plaintiff claims it was the duty of the ALJ to question him regarding his physical therapy to determine whether his failure was excused or not. *Id.* However, while it is the duty of the ALJ to develop the record, that duty does not require the ALJ to develop Plaintiff's case for him. *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994) (noting the ALJ is only responsible for developing "a reasonably complete record"). Thus, if Plaintiff's repeated failures to attend physical therapy were excusable, Plaintiff should have demonstrated that fact to the ALJ. The

ALJ did not have the responsibility of determining whether Plaintiff's failures were excused or not. Accordingly, the Court finds the ALJ properly considered the fact Plaintiff failed to consistently attend physical therapy when he evaluated Plaintiff's credibility.

### C. *Polaski* Evaluation

Plaintiff claims the ALJ improperly discounted his subjective complaints. ECF No. 5 at 13-17. Specifically, Plaintiff claims the ALJ did not "provide sufficient reasons for discounting . . . [his] . . . subjective complaints, address inconsistencies, and discuss the *Polaski* factors." *Id.* at 14. In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints and discounted those complaints for legally-sufficient reasons. ECF No. 6 at 8-10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis. Indeed, after reviewing Plaintiff's subjective allegations and the medical records in his case, the ALJ considered Plaintiff's daily activities. (Tr. 28). The ALJ noted his daily activities included paying bills, doing homework with his kids, taking his kids to the park, driving a car and going out alone, and attending church every week. (Tr. 28). The ALJ then stated the following regarding Plaintiff's daily activties:

> The claimant has alleged performing few house chores; yet it is noted that the claimant is apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance. Therefore, claimant's activities are limited, according to his testimony and written statements, but they appear to be limited more on a self-imposed voluntary basis than as a result of any functional restrictions due to his impairments.

(Tr. 28).

The ALJ also considered Plaintiff's medications and the fact Plaintiff "cancelled or failed to

9

show up for physical therapy appointments on a number of occasions." (Tr. 29). The ALJ noted Plaintiff's treatment had been primarily conservative and non-surgical in nature, and Plaintiff's physicians had not placed limitations on him that were consistent with his alleged limitations. *Id.* Accordingly, because the ALJ gave "good reasons" for discounting Plaintiff's subjective complaints, the ALJ's credibility determination is entitled to deference. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### D. RFC Determination

In the last few pages of his briefing, Plaintiff argues the ALJ erred in finding his disabling impairments were not medically documented, the ALJ erred in determining he had the RFC to perform light work, and the ALJ erred in providing a defective hypothetical to the VE. ECF No. 5 at 17-18. Upon review of those arguments and the briefing submitted, the Court finds Plaintiff's arguments center upon his claim that the ALJ erred in assessing his RFC. *Id.* Thus, the Court will only address that issue.

Notably, in making these arguments, Plaintiff only provides a summary of the medical evidence. ECF No. 5 at 3-11, 17-18. Plaintiff does not demonstrate how that evidence is inconsistent with the ALJ's finding that he can perform a limited range of light work. *Id.* Plaintiff also does not demonstrate which specific restrictions cause him to be unable to work. *Id.* Indeed, while Plaintiff's medical records do demonstrate he suffers from several impairments, including back pain and body aches, there has been no demonstration that these impairments cause him to be unable to perform a limited range of light work as determined by the ALJ. This is especially true since the ALJ *did account for* "mild to moderate pain" when assessing Plaintiff's RFC. (Tr. 24, Finding 5).

Further, although the ALJ has the duty to assess Plaintiff's RFC, Plaintiff has the burden of demonstrating his impairments are as severe as he alleges. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012) (holding that "[w]hile the ALJ retains the authority to determine the RFC and that decision must be supported by some medical evidence, 'the burden of persuasion to prove disability and demonstrate RFC remains on the claimant.'") (citation omitted).  Here, Plaintiff has not met his burden of demonstrating any limitations greater than those found by the ALJ.  Accordingly, the Court finds no basis for reversal on this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of April 2013.**

                                                               /s/   Barry A. Bryant
                                                                HON. BARRY A. BRYANT
                                                                U.S. MAGISTRATE JUDGE